UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD D. BRASSEUR,

    Plaintiff,

CASE NO. 1:10-CV-1260

v.

HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER REGARDING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 16), Defendant's Objections to the Magistrate Judge's Report and Recommendation (docket # 19), and Plaintiff's Response to Defendant's Objections (docket # 20).  Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified."  12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Defendant's objections; and Plaintiff's Response to Defendant's objections.  The Magistrate Judge recommends that the Court affirm the Commissioner's decision in all but one respect: he recommends that the court reverse and remand under sentence four for the Commissioner to re-evaluate Dr. Leja's and Dr. Gunnell's reports regarding plaintiff's physical limitations, and the impact on his findings. (R. and R., docket # 16, at 21.)  The Magistrate Judge explains that although the ALJ discounted these doctors' opinions, the ALJ failed to articulate his good reasons for reaching this conclusion.  (*Id.* at 18.)  The Commissioner objects, arguing that the ALJ adequately articulated his good reasons, and pointing to record evidence that supports the ALJ's analysis. (Obj., docket # 19.)

Upon de novo review, the Court finds that the ALJ provided sufficient detail concerning his good reasons for discounting the opinions of Dr. Leja and Dr. Gunnell procured by counsel.  Among other things, the ALJ noted that Dr. Gunnell first examined Plaintiff in December 2007, and therefore had no personal knowledge of Plaintiff's condition on February 21, 2006. (A.R. at 22.) This alone is a good reason for discounting Dr. Gunnell's opinion.  The ALJ also pointed to disparities between Dr. Leja and Dr. Gunnell's treatment records and the "overwhelming limitations" each doctor reported in the opinions solicited by counsel. (*Id.*)  In flagging the disparities, the ALJ cites broadly to Exhibits 24F and 33F, which are extensive records, totaling approximately 140 pages.  But the ALJ also identifies specific discrepancies in those records, observing, for example that in mid-2005, Dr. Leja found that Plaintiff had no unusual neurological

symptoms, that his muscle strength and sensation were intact, and that as late as October 2007, he had no diminution in range of motion. (*Id.*) The ALJ also describes test results reflecting mild degenerative disc disease and other degenerative changes consistent with Plaintiff's age. (*Id.* at 22 - 23.) For these and other reasons, the ALJ concluded that "the questionnaire responses of Dr. Leja and Dr. Gunnell are not probative. They greatly depart from their own narrative records, the results of conventional testing, objective findings and his daily activities."[1] (*Id.* at 23.) This is sufficient for a reviewing court to "trace the path of his reasoning," *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995), and an appropriate reason for discounting the opinions counsel solicited. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994) (Stating that the opinions of a treating physician "are only accorded great weight when they are supported by sufficient clinical findings and are consistent with the evidence.") The Court concludes that the ALJ adequately articulated his good reasons for discounting the opinions of Dr. Leja and Dr. Gunnell.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 16) is approved and adopted as the opinion of the Court to the extent consistent with this Order, and rejected in other respects.

---

[1] As to Plaintiff's daily activities, the ALJ notes early in his written decision that "[t]hird party statements show that the claimant cooks, cleans, does laundry and sometimes cuts the grass . . . . He shops and goes outdoors on a daily basis." (A.R. at 19.) The ALJ's discussion of these daily activities appears in his analysis of whether Plaintiff has more than mild limitation in daily activities as a result of a mental impairment, but the Court does not believe it was necessary for the ALJ to reiterate a description of these activities to consider them in the analysis of a physical impairment at a later point in his written decision.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **AFFIRMED**.


Dated:      March 22, 2012             /s/ Robert J. Jonker
                                      ROBERT J. JONKER
                                      UNITED STATES DISTRICT JUDGE